UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>TRAVIS BORUP,<br><br>                    Defendant. | Case No. 1:23-cr-00071-DCN-1<br><br>**REPORT AND RECOMMENDATION** |

      On March 21, 2023, Defendant Travis Borup appeared before the undersigned United States Magistrate Judge to enter a plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take his plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Information, the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

      The Court, having conducted the plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation

**REPORT AND RECOMMENDATION - 1**

Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

At the hearing, the Government did not oppose Defendant's continued release. In addition, the Government did not offer any information or state any reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time. Defendant requested to remain on release pending sentencing, for the following reasons: Defendant has a very limited criminal history, with no failures to appear or probation violations; since he was first detained and questioned by law enforcement in April 2022, he has not fled; he grew up in Boise and has substantial ties to the area; he has cooperated with law enforcement since the early stages of this case; he appeared voluntarily to plead guilty; he lives with his parents and cares for his father, who is on disability and is unable to drive; and his ability to comply with the provisions of the plea agreement would be impaired if he were incarcerated.

Upon consideration of the totality of the circumstances presented in this case, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court will recommend release be continued under

the conditions previously imposed. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

NOW THEREFORE IT IS HEREBY RECOMMENDED:

1) The District Court accept Defendant Travis Borup's plea of guilty to Count One of the Information.

2) The District Court order forfeiture consistent with Defendant Travis Borup's admission to the Criminal Forfeiture allegation in the Information and the Plea Agreement.

3) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release imposed in the Order Setting Conditions of Release. (Dkt. 8).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: March 21, 2023

_____
DEBORA K. GRASHAM
U.S. MAGISTRATE JUDGE